FILED'11 MAR 3 12:04USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANDREW D. PATTON,                                    CV. 10-1333-MO

          Plaintiff,                              ORDER TO DISMISS

    v.

J.E. THOMAS, et al.,

          Defendants.

MOSMAN, District Judge.

    Plaintiff, an inmate at FCI-Sheridan, brings this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In a separate order, the court has granted plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, most of plaintiff's claims are subject to *sua sponte* dismissal. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that on October 13, 2009, defendant Heiberthal threatened him with physical violence and verbally

1 - ORDER TO DISMISS

abused him in violation of the Eighth Amendment. He claims to have reported the incident to defendant Van Cleve, who disregarded the complaint.

Plaintiff also alleges that defendant Kallunki opened and read his outgoing legal mail in violation of his First and Fourteenth Amendment rights. According to plaintiff, defendant Burkholz promised on October 4, 2010 to return his legal mail but had not done so as of the mailing of the Amended Complaint in this case on February 16, 2010. He also asserts generally that he has been repeatedly denied postage for his legal mail, though he identifies no responsible party. Plaintiff seeks declaratory, injunctive, and monetary relief.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, plaintiff's complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because plaintiff is proceeding *pro se*, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

A plaintiff wishing to bring a cause of action pursuant to 42 U.S.C. § 1983 must demonstrate compliance with the following factors: (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

Verbal abuse by a prison official does not amount to a constitutional violation. *Oltarzerski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even a threat of future bodily harm to a prisoner may not provide a basis for a cognizable 42 U.S.C. § 1983

claim. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).
Accordingly, plaintiff fails to state an Eighth Amendment claim
arising out of the verbal abuse he claims to have suffered.

With respect to plaintiff's claim that his outgoing legal mail
was opened and read by defendant Kallunki without plaintiff's
permission, this allegation is sufficient to state a valid
constitutional claim for pleading purposes. *See Ex Parte Hull*, 312
U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 (1941) (prison officials
may not review outgoing legal mail for legal sufficiency).

Plaintiff also faults defendant Burkholz for not returning his
legal mail to him as promised, apparently in violation of his right
to due process based upon the deprivation of personal property.
Where an inmate alleges the deprivation of a property interest
caused by the unauthorized negligent or intentional action of a
prison official, the prisoner cannot state a constitutional claim
where the state provides an adequate post-deprivation remedy. *See
Zinermon v. Burch*, 494 U.S. 113, 129-131 (1990); *Hudson v. Palmer*,
468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th
Cir. 1994) (per curiam). This rule applies to both the Fifth and
Fourteenth Amendment Due Process Clauses. *Raditch v. United
States*, 929 F.2d 478, 481 (9th Cir. 1991). Oregon provides an
adequate post-deprivation remedy in the form of the Oregon Tort
Claims Act. O.R.S. 30.260 *et seq*. As a result, plaintiff fails to
state a claim upon which relief may be granted.

4 - ORDER TO DISMISS

Even if plaintiff had characterized this as an access to courts claim, he would fail to state a claim because he has not alleged that the topic of the legal mail was one that is constitutionally protected, nor has he made any allegation of prejudice. *See Lewis v. Casey*, 518 U.S. 343, 351-355 (1996).

Plaintiff's allegation that he has been denied postage neither meets the *Iqbal* pleading standard, nor identifies any federal actor responsible for any statutory or constitutional violation.    In addition, although the right of access to the courts includes postage stamps at Government expense to mail legal documents, *King v. Atiyeh*, 814 F.2d 565, 569 (9th Cir. 1987), plaintiff makes no allegation that the denial of postage related to a legal mailing. Even it he did, plaintiff: (1) makes no allegation that his right of access to the courts was violated as a result; (2) fails to identify what constitutionally-protected subject matter he addressed in the document to be mailed; and (3) does not allege that he was prejudiced by the denial of postage. *See Lewis*, *supra*. As a result, plaintiff fails to state a claim.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that all of plaintiff's claims are DISMISSED for failure to state a claim except that pertaining to the opening of his outgoing legal mail by defendant Kallunki.  Plaintiff may file an amended complaint within 30 days curing the deficiencies pertaining to any access to courts claims

he might wish to raise.  If plaintiff elects not to file an amended complaint with the court, he must nevertheless advise the court in writing that he wishes to proceed with his case against defendant Kallunki.  Failure to do so will result in the dismissal of this case without prejudice to his claim against Kallunki.

Plaintiff's second Motion for Appointment of Counsel (#15) is DENIED for the reasons identified in the court's Order (#7) dated January 6, 2011.

IT IS SO ORDERED.

DATED this __2__ day of ~~February~~ March, 2011.

Michael W. Mosman
United States District Judge

6 - ORDER TO DISMISS