IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANDREW PATTON**,

      Plaintiff,                           No. 3:10-cv-01333-MO

             v.                             OPINION AND ORDER

**J.E. THOMAS, et al.**,

      Defendants.

      **MOSMAN, J.**,

      Plaintiff, an inmate at FCI-Sheridan, brings this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Defendants moved to dismiss [44], arguing plaintiff's Second Amended Complaint [20] fails under Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a motion to compel [28] and a motion for summary judgment [50].  For the reasons explained below, defendants' motion [44] is granted, and plaintiffs' [28] [50] are denied.

<b>STANDARD</b>

      Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombley*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt." *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010). However, a court need not accept as true legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## DISCUSSION

### I.  Official Capacity Claims

Plaintiff apparently attempts to bring *Bivens* claims against the prison officials in their official capacities, which defendants correctly point out he cannot do. *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2000) ("*Bivens* claim 'can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity.'") (quoting *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1988)). Thus, plaintiff's *Bivens* claims must be dismissed insofar as they are brought against defendants in their official capacities. However, plaintiff also brought claims against defendants in their individual capacities.

### II.  Count I: Eighth Amendment Claim

Plaintiff alleges that defendants called him names—including a "snitch"—on October 13, 2009, and September 7, 2010. I dismissed this claim *sua sponte* on March 3, 2011, and plaintiff then added the conclusory allegation that the defendants' actions "constituted the deliberate spreading of false rumors" that "places plaintiff in a serious risk of harm and injury by other prisoners." The Ninth Circuit has held that allegations state an Eighth Amendment claim where guards allegedly called the plaintiff a "snitch" in front of other inmates with the intent to cause retaliation by the other inmates, and the plaintiff actually received threats of injury as a result.

*Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989).  Here, none of these additional facts are alleged and this claim fails because it is entirely conclusory.

### III. Count II: First Amendment Retaliation Claim

Liberally construing plaintiff's complaint, he alleges defendants engaged in a variety of misconduct because plaintiff engaged in the protected act of filing grievances based on the verbal abuse he suffered on October 13, 2009, and September 7, 2010.  An inmate has a First Amendment right to file grievances and can bring a retaliation claim where officials retaliate for the inmate's exercise of that right.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Id*. at 567-68.

Here, plaintiff's alleges the following misconduct that might have been retaliatory: (a) defendants denied him postage; (b) defendants delayed in sending his mail and possibly destroyed the mail; (c) defendants refused to sign his *in forma pauperis* papers; and (d) two incident reports were written against him by unidentified people.  As pled, these allegations are insufficient.  There is no allegation that the conduct actually "chilled" plaintiff's exercise of the right to file grievances, let alone an explanation of that chilling effect.  Additionally, the "incident reports" allegations are too vague.  Plaintiff does not connect this activity to any defendant, nor does he connect it to the grievances he filed.  To state a claim, plaintiff must clearly allege how this misconduct chilled the exercise of his First Amendment rights and that it was done as retaliation for his grievances.

Plaintiff also alleges defendants improperly read his legal mail.  This allegation too is insufficient.  Like the misconduct discussed above, there is no allegation that plaintiff's ability to file grievances was ever hindered.  Additionally, the factual allegations do not sufficiently allege defendants did anything wrong, and therefore fail to meet the first element.  Plaintiff alleges the letters at issue had automatically generated labels and seems to admit that the labels failed to identify the recipients as "Attorneys at Law."  If that is the case, defendants apparently did nothing wrong by opening improperly marked mail.  In light of these allegations, plaintiff must allege facts that would show the mail was in fact marked as legal mail so that defendants could have known what it was.  Moreover, there is no allegation connecting the defendants who allegedly read his legal mail to the different group of defendants that plaintiff previously grieved, and therefore the second and third elements are not sufficiently alleged.

Plaintiff also seems to allege that Mr. Kallunki refused to mail the legal mail because plaintiff was seeking legal advice about the grievances and because plaintiff had filed grievances against Mr. Kallunki for previously opening the mail.  Here too, plaintiff fails to allege a chilling affect and therefore the claim fails as pled.

## CONCLUSION

Whether or not plaintiff might eventually state a claim based on the alleged misconduct discussed above, he has not done so yet.  Plaintiff's complaint [20] is therefore dismissed, without prejudice, and with leave to amend.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (pro se litigant must be given leave to amend complaint unless it is "absolutely clear" the deficiencies could not be cured).  Without leave to do so, plaintiff filed a Third Amended Complaint on July 28, 2011.  This version does not change the deficiencies

discussed above and does not affect the result.  Accordingly, plaintiff has 30 days from the entry of this order to file a Fourth Amended Complaint.

I agree with defendants that compelling production at this stage would be premature, and therefore deny plaintiff's motion to compel production [28] without prejudice to re-file after filing an amended complaint.  Plaintiff also filed a motion for summary judgment [50], which I deny as moot in light of this order.


IT IS SO ORDERED.

DATED this  29th  day of September, 2011.


/s/ Michael W. Mosman____

MICHAEL W. MOSMAN

United States District Court